# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | \* |
| v. | \* Case No.: RWT 10cr536 |
| **JEFFREY JOSEPH MCCOY**, | \* |
| Defendant. | \* |

## MEMORANDUM OPINION

Before the Court are Defendant's Motion in Limine, Doc. No. 43, Defendant's Motion to Continue Trial Date, Doc. No. 47, and the Government's opposition thereto. Doc. No. 48. Defendant's motions seek to either preclude the government from offering expert testimony from Special Agent Brent D. Barnes at trial due to the government's alleged failure to comply with Fed. R. Crim. P. 16 (a)(1)(G) or to postpone the trial no less than thirty days to locate, interview, and designate an expert witness to offer testimony to rebut the testimony of Special Agent Barnes.

On August 16, 2010, Defendant was charged by Complaint with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. No. 1. On September 1, 2010, the Defendant was indicted on three charges: (1) possession of firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841; and (3) possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c). Doc. No. 7.

On September 7, 2010, the Defendant was arraigned and trial was scheduled for November 2, 2010. Doc. No. 10. On October 7, 2010, this Court continued the trial date and scheduled a motions hearing for December 22, 2010. Doc. No. 13. On December 8, 2010, this

Court continued the motions hearing date and rescheduled it for February 14, 2011. Doc. No. 26. On January 18, 2011, this Court continued the motions hearing for a third time, rescheduling it for April 18, 2011. Doc. No. 28. On March 4, 2011, this Court rescheduled the motions hearing for June 16, 2011. Doc. No. 29. On May 19, 2011, the Court continued the motions hearing until August 5, 2011. Doc. No. 30. On July 15, 2011, the Court scheduled a trial date of October 25, 2011. Doc. No. 32. On August 5, 2011, a motions hearing was held regarding Defendant's Motion to Suppress Evidence, Doc. No. 9, which this Court denied. Doc. No. 39.

On June 27, 2011, counsel for the Government sent defense counsel a letter notifying the Defendant that the Government intended to call several expert witnesses at trial, including expert witnesses in the field of narcotics trafficking and in the interstate movement of firearms. Doc. No. 48, Ex. A. The Government alleges that Defense counsel did not request further information regarding the governments list of expert witnesses. Doc. No. 48 at 2.

On October 4, 2011, Government counsel sent Defense counsel a letter supplementing its June 27, 2011 letter that provided the Defendant with a summary of the testimony of two expert witnesses. Doc. No. 48, Ex. B. The Government informed Defense counsel that it designated two experts: (1) Special Agent Brent D. Barnes of the Drug Enforcement Administration "as an expert in the business of narcotics trafficking and the habits of narcotics traffickers." *Id*. The Government also informed counsel that "SA Barnes will provide expert testimony relating to the amount of narcotics that constitute personal use or distribution quantities and about the tools and methods used by drug traffickers. He will also testify concerning the role of firearms in the drug

trafficking business." *Id.* (2) Special Agent Christopher D. Hermann[1] of the Bureau of Alcohol, Tobacco, Firearms, and Explosives as an expert on the movement of firearms and ammunition in interstate and foreign commerce and interstate nexus analysis. *Id.* The correspondence also included the curriculum vitae of each expert witness. Doc. 48 at 3. The Government maintains that "[t]he Defendant did not request any additional information in response to the government's expert disclosures." *Id.*

On October 10, 2011, Defendant filed a Motion in Limine to Preclude Expert Testimony. Doc. No. 43. In his motion, Defendant argues that the "[G]overnment's only designation of any expert testimony is contained in its October 4 letter. The disclosure simply fails to comply with the requirements of [Fed. R. Crim. P.] 16." *Id.* at 2. Defendant maintains that the Government's "notice as to SA Barnes is inadequate because it does not provide (1) the witness's opinions, or (2) the bases and reasons for those opinions." *Id.* at 3. Government counsel maintains that this was the first indication from Defendant that the "Government's expert disclosures were untimely and inadequate." Doc. 48 at 3. On October 11, 2011, Government counsel provided Defendant with an additional letter regarding Special Agent Barnes's testimony. *Id.*, Ex. C. This letter provides a detailed account of the expert testimony that the Government intends to offer and describes in detail each opinion Special Agent Barnes intends to offer and the bases for each opinion. *Id.* at 3; Ex. C.

On October 17, 2011, Defendant filed a Motion For Continuance of Trial Date. Doc. No. 47. Defendant argues that if Special Agent Barnes is allowed to testify at trial, Defendant will need additional time to prepare for trial by locating, interviewing, and

---

[1] The Government indicates that on October 11, 2011, it notified Defense counsel that, subject to any objects that Defendant might have, ATF Special Agent Christopher D. Hermann would be replaced by ATF Special Agent John Cooney. Doc. No. 48 at 2, n.2. The Government maintains that it has provided Defense counsel with a copy of Special Agent Cooney's curriculum vitae, and the Defendant has not objected to the substitution. *Id.*

3

designating an expert witness.  *Id.* at 2.  The defendant had "specifically advised defense counsel that he wishes to locate and designate an expert witness . . . to offer testimony to rebut the testimony of the government's expert."  *Id.*  Defendant maintains that the motion is not made for the purposes of delay, and that it will not result in prejudice to the government.  *Id.*

**I.     Analysis**

Upon request from a defendant, the Government must disclose a written summary of expert testimony, describing the witness's opinions, the bases and the reasons for those opinions, and an expert's qualifications.  Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure states:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

FED. R. CRIM. P. 16(a)(1)(G).  The 1993 Advisory Committee Notes indicate that this rule "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony though focused cross-examination."  FED. R. CRIM. P. 16 advisory committee's notes.  The government's disclosure requirement is only triggered if the defendant first requests the information.

Here, the Government has met the requirements of Rule 16(a)(1)(G). It provided the Defendant a written summary of expert testimony that describes the witness' opinions, the bases and the reasons for those opinions, and the experts' qualifications after Defense counsel filed its motion in limine on October 10, 2011, which the Government construed as a Rule 16 request. Doc. No. 43; Doc, No. 48 at 3. The Government's October 11, 2011 letter to Defense counsel contained a summary of Special Agent Barnes's testimony that the Government intends to offer at trial. Doc. No. 48 Ex. C. The letter describes Special Agent Barnes's opinions regarding the amount of narcotics that constitute personal use or distribution quantities and the role of firearms in the drug trafficking business. *Id.* The letter also offers the bases and reasons for each of those opinions. *Id.*

An additional continuance would cause delay and likely prejudice the government. Defense counsel was appointed to represent the Defendant in December of 2010. The events at issue have occurred approximately twenty months ago, and the continued passage of time will likely be used to discredit the accuracy of the Government's testimony. The Government's June 27, 2011, letter should have alerted the Defendant to the possible need to secure an expert witness to rebut the Government's expert witnesses in the field of narcotics trafficking and in the interstate movement of firearms. At the very least, it should have alerted the Defendant of the need to make a request under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. In fact, it should come as no surprise that the Government would offer expert witnesses in these fields as they speak directly to the allegations in the Complaint.

For the foregoing reasons, the Court will deny Defendant's Motion in Limine, Doc. No. 43, and Defendant's Motion to Continue Trial Date, Doc. No. 47.  A separate order follows.


<u>October 19, 2011</u>                           _____/s/_____
Date                                                     Roger W. Titus
                                                         United States District Judge